IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

KERRY JOHN ALLEN                                                                                              PLAINTIFF

v.                                                  Civil No. 6:20-CV-06102

ANTWON EMSWELLER (Warden, Omega                                                              DEFENDANTS
Unit), ANDY RUH (Major, Omega Unit),
TRICE (Nurse), KENNEDY (Lieutenant,
Omega Unit), TYLOR (Sergeant, Omega
Unit), A. BAKER (Sergeant, Omega Unit),
and DARRELL BASSHAM (RN)

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I.   BACKGROUND

Plaintiff filed his Complaint in the Eastern District of Arkansas on August 17, 2020. (ECF No. 2). It was transferred to this District on September 21, 2020. (ECF No. 5). Plaintiff was granted *in forma pauperis* status on September 22, 2020. (ECF No. 7).

Plaintiff alleges that his federal constitutional rights were violated in March, June, and July of 2020, while he was incarcerated in the Arkansas Division of Community Correction Omega Supervision Sanction Center. Plaintiff alleges that on June 19, 2020, Defendants Ruh and

1

Emsweller sprayed him with mace when he was in the shower and asked to speak with Ruh concerning a decision to place him in segregation. (ECF No. 2 at 5-6). Defendant Ruh then refused to let him take a proper shower to remove the mace for five days. (*Id*.). Plaintiff brings this claim against both Defendants in both their official and personal capacities. (*Id*. at 6).

Plaintiff alleges that, on the same day, Defendant Ruh placed him in an empty cell wearing only his underwear. He was denied clothing, a mat, a shower, and toilet paper for five days. He was fed only peanut butter three times a day and the lights were on in his cell all day and night. He was also refused the right to call his family. Plaintiff characterizes his placement in behavior control as torture, and emphasizes that he was non-violent. (*Id*. at 8-9). Plaintiff alleges that Defendant Emsweller "gave the okay" to do this to him without properly investigating the situation. Plaintiff alleges that he now has pain in his back and shoulders from being forced to lay down on cold metal for five days, and then from 7:00 a.m. to 7:00 p.m. for another 36 days. (*Id*. at 9). Plaintiff brings this claim against Defendants in both their official and personal capacities. (*Id*. at 10).

Plaintiff alleges that the events leading to his placement in behavior control were triggered when a mentally ill man was housed in the same barracks with Plaintiff. This man was physically abusing himself and threatening others, including Plaintiff, so Plaintiff approached Defendants Ruh, Baker, Tylor, and Kennedy repeatedly about him, and their response was to place him in segregation, mace him, and then place him in behavior control. (*Id*. at 12-14). Plaintiff brings this claim against Defendants Ruh, Baker, Tylor, and Kennedy in their personal capacity only. (*Id*. at 12-14).

Plaintiff further alleges that he was denied medical care in March and July of 2020. Defendant Trice refused to prescribe him a mat for his very severe shoulder pain and broken ribs.

She told him that unless he was dying, she could not help him. (*Id*. at 15). Defendant Bassham refused to get him eyeglasses and denied him any pain medication other than ibuprofen for his broken ribs. He told him that he could not help him for either his broken ribs or his eyeglasses because Plaintiff came into the facility with those issues. (*Id*. at 16). He proceeds against these Defendants in both their official and personal capacity. (*Id*. at 15-16).

Plaintiff seeks compensatory and punitive damages. (*Id*. at 18).

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. ANALYSIS

Plaintiff's official capacity claims against Arkansas Division of Correction employees Emsweller, Ruh, Kennedy, Tylor, and Baker are subject to dismissal. "A suit against state

employees in their official capacities is the functional equivalent of a suit against the State." *Zajrael v. Harmon*, 677 F.3d 353, 355 (8th Cir. 2013). States and state agencies are not "persons" subject to suit under § 1983. *Howlett v. Rose,* 496 U.S. 356 (1990); *Will v. Mich. Dept. of State Police*, 491 U.S. 58 (1989); *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). "This bar exists whether the relief sought is legal or equitable." *Williams v. Missouri,* 973 F.2d 599, 599-600 (8th Cir. 1992) (citing *Papasan v. Allain,* 478 U.S. 265, 276 (1986)). "Congress did not abrogate constitutional sovereign immunity when enacting the law that was to become section 1983." *Burk v. Beene*, 948 F.2d 489, 493 (8th Cir. 1991) (citing *Quern v. Jordan,* 440 U.S. 332, 342 (1979)).

### IV. CONCLUSION

Accordingly, it is recommended that Plaintiff's official capacity claims against Arkansas Division of Correction employees Emsweller, Ruh, Kennedy, Tylor, and Baker be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 12th day of November 2020.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

4